Samuels, J.
This is an appeal from a decree pronounced by the Circuit Superior court of law and chancery for Montgomery county, in a suit wherein Robert H. Spraull and wife and others were complainants, and James C. Currin and others were defendants. *146 The bill alleged that Rhoda Currin, Matilda L. Miller and Lucinda Robinson derived by descent from James Charlton, their father, a tract of land containing four hundred and seventy-seven acres. That Lucinda Robinson died intestate; and that’ her interest in this land descended to her children, who are some of the com-, plainants. That Matilda L. Miller sold her interest in the land to Waddy Gr. Currin; but that no conveyance thereof had been made, so far as complainants were informed. That, for a time Rhoda Currin had the exclusive use and enjoyment of the whole tract; and that afterwards she and Waddy G. Currin used and enjoyed the same; and that no account of rents and profits was rendered by them, or either of them.
The defendants to the original bill were Rhoda Currin, Matilda L. Miller, and Waddy G. Currin. James C. Currin, on his petition, was subsequently made a party and filed an answer, in which, amongst other things, he denied the right of complainants to have partition of the land, because, as the answer alleged, Lucinda Robinson and her husband Cyrus Y. Robinson had sold and conveyed her interest in the property; and that her title thereto, by several intermediate conveyances, had become vested in the respondent James C. Currin. ’
The record sets forth the chain of title claimed by James C. Currin, except the first link, to wit, the conveyance by Cyrus Y. Robinson and wife. This conveyance, it is alleged, has been lost and is therefore not-produced. It is fully proved, that Robinson contracted to sell his wife’s interest in the property; and that the price contracted for was paid. That a paper writing purporting to be a deed from Robinson and wife to their vendee, was transmitted from the state of Missouri, where the vendors lived; that this paper writing was presented to the clerk of the County court of Montgomery county for recordation: that the clerk *147 refused to receive it for that purpose, because as he alleged, the authentication of the deed was defective in this, that there was no certificate by the clerk, in Missouri, that the persons, certifying themselves to be justices, and certifying the execution of the deed, were such justices. i -
Rhoda Currin having died, the suit was - revived against her personal representatives, heirs and devisees. A hearing was had at May term 1849, on the bill, answer of James C. Currin, replication thereto, depositions and exhibits. As to the other defendants, the bill was taken for confessed. The court deciding the question of title between complainants and the defendant James C. Currin, in favor of complainants, appointed commissioners to make the partition prayed for, and directed an account of rents and profits before a master commissioner of the court: The commissioner and the master were respectively directed to report to the court.
At the October term 1849, the cause was again heard upon the papers formerly read, the order of May term 1849, and the report of the master touching the rents and profits; and a decree rendered in favor of complainants for the rents and profits. No report of the partition appears in the record, nor does it appear that anything further was done in regard to that subject.
On the case before the court below wherein so much reason was shown to doubt complainant’s title, the court should have retained the cause until that question might be passed upon by a court of competent jurisdiction : The court exceeded its jurisdiction, (as then existing,) by deciding the question of legal title. Wiseley v. Findlay, 3 Rand. 361; Stuart’s heirs v. Coalter, 4 Rand. 74; and Straughan v. Wright, 4 Rand. 493.
The defence of the appellant James C. Currin, at the time this decree was pronounced, only required that he should show cause to doubt the right of com *148 plainants to have the partition prayed for. It was not necessary at that time, that he should disprove their right; when a trial should be had directly upon the question of right, his proofs would be called for. It cannot be held that the jurisdiction given by the Code of 1849, ch. 124, § 1, p. 526, taking effect July 1, 1850, will supply the want of jurisdiction prior to that time. If a party shows a defence valid at the time it is passed on by the court, a subsequent change in the law cannot deprive him thereof.
I am therefore of opinion to reverse the decree of the court below. And inasmuch as the statute above referred to now gives the court jurisdiction; and as the statute, ch. 216, § 2, p. 800, requires that the further proceedings had in this cause shall conform to the statute, I am further of opinion to remand the cause, with directions to the Circuit court to allow the parties a reasonable time in which to prepare for trial, and then to decide the question of title between them; and that the general rules of practice observed in courts of equity shall be observed in this case, for the purpose of ascertaining facts by a jury or otherwise, as may be proper. If the title shall be adjudged to belong to complainants, that then they shall have the partition and account of rents and profits prayed for; if adjudged to the defendant, that then the bill shall be dismissed.
Allen and Lee, Js. concurred in reversing the decree and remanding the cause.
Daniel and Moncure, Js. concurred in the opinion of Judge Samuels.